Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| LUISA RONDÓN ACOSTA<br><br>Peticionaria<br><br>V.<br><br>SANTO ROSARIO POLANCO<br><br>Demandado<br><br>PEDRO PAREDES<br><br>Interventor-Recurrido | KLCE202300939 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>CA2018CV03412<br><br>Sobre:<br><br>División de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

-I-

Comparece la Sra. Luisa Rondón Acosta (en adelante la señora Rondón Acosta o la peticionaria) y nos solicita que revisemos una *Resolución* emitida el 21 de julio de 2023 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI) en la que el referido foro declaró No Ha Lugar una solicitud de desestimación presentada el 1 de abril de 2022 por la peticionaria.

La controversia ante nuestra consideración tiene su génesis en una demanda de liquidación de sociedad de bienes gananciales presentada por la peticionaria en contra del Sr. Santo Rosario Polanco. Luego de varios incidentes que resulta innecesario pormenorizar aquí, el 18 de abril de 2021 el Sr. Pedro Paredes presentó una solicitud de intervención en la que, en síntesis, sostuvo que estuvo casado legalmente con la peticionaria desde el 6 de agosto de 1994 hasta el 25 de agosto de 2004 y que por tanto, conforme a fuera determinado por el TPI en otra Resolución de 27

de enero de 2021 podría tener derecho a alguna participación en bienes sujetos a liquidación en el pleito.[1] Ello, ante el hecho no controvertido de que en noviembre de 2003, estando la peticionaria casada con el interventor, esta adquirió en comunidad con el demandado bienes y deudas en Puerto Rico.[2]

Ante este cuadro, el 1 de abril de 2022, la peticionaria presentó su *Moción de Desestimación Al Amparo de la Regla 10.2 Respecto a la Intervención del Sr. Pedro Paredes*. En dicha comparecencia la peticionaria argumentó que cualquier reclamo del señor Paredes estaba prescrito debido a que, conforme a las leyes de la República Dominicana, país en el que la señora Rondón Acosta y el señor Paredes contrajeron matrimonio y donde también se dictó la sentencia de divorcio que puso fin a dicho matrimonio, la acción de partición de comunidad por causa de divorcio prescribe a los dos años de la publicación de la sentencia.[3]

Así las cosas, el 21 de julio de 2023 el TPI emitió la Resolución recurrida. En la misma, además declarar No Ha Lugar la solicitud de desestimación instada por la peticionaria, el TPI consignó lo siguiente:

> El 4 de marzo de 2021 este Tribunal dispuso mediante Orden que no puede tomar conocimiento judicial de derecho dominicano.[4] Entre otras cosas, el Tribunal tiene ante sí la liquidación de un activo (la operación comercial de la panadería objeto de la demanda) que fue adquirido por la demandante junto con otras personas (incluido el demandado) mientras estaba casada con el Sr. Pedro Paredes. Además, este Tribunal emitió Resolución notificada el 27 de enero de 2021 en la que determinó que la participación que la parte interventora pueda tener en la comunidad objeto de este pleito es un hecho esencial y pertinente sobre el que existen controversias sustanciales.

---

[1] Véase página 12 del Apéndice del recurso.
[2] Véase página 20 del Apéndice del recurso.
[3] En específico, se invocaron las disposiciones del Artículo 815 del Código Civil de la República Dominicana.
[4] Aquí el foro primario incluyó una nota al calce en la que consignaba que dicha determinación fue emitida por el juez quien tenía en ese momento asignado el caso y que dicha Orden era final y firme.

Inconforme, la peticionaria presenta el recurso que nos ocupa en el que formuló el siguiente señalamiento de error:

Erró el TPI al dictaminar que procede no la desestimación de la causa de acción del interventor Pedro Paredes por ser cosa juzgada por haberse resuelto mediante Sentencia Sumaria dictada el 27 de enero de 2021 que resolvió que el Tribunal tiene jurisdicción sobre la persona y que procede la causa de acción del Sr. Paredes de exigir la extinta sociedad de bienes gananciales compuesta con la Sra. Luisa Rondón (sic).

En su argumentación, la peticionaria sostuvo que en la Resolución de 2021 el TPI resolvió que el interventor era parte indispensable por haber estado casado con la demandante cuando ésta dio inicio a una empresa comercial en sociedad con otras personas, mientras que la Moción de Desestimación se presentó por el argumento de la falta de jurisdicción en la materia por prescripción.  En base a este planteamiento, sostiene que entre la controversia planteada en la Moción de Sentencia Sumaria de 2021 sobre parte indispensable y lo alegado en la Moción de desestimación no existe perfecta identidad de causas por lo que no cabe hablar de cosa juzgada.

Por su parte, en su comparecencia ante nos el interventor sostuvo la corrección de la determinación recurrida y nos solicitó que denegáramos la expedición del auto. En primer lugar, adujo que la determinación donde se concluyó que era parte indispensable en el pleito era final y firme.  También, argumentó que tal y como lo consignó el foro primario, el TPI estaba impedido de tomar conocimiento judicial del estado de derecho vigente en la República Dominicana.

-II-

-A-

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare*

*v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de certiorari se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra*; *Scotiabank v. ZAF Corp et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57o de la denegatoria de una moción de carácter dispositivo." *800 Ponce de León v. AIJ, supra.*

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

A.      Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.      Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.      Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.      Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.      Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.      Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.      Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

-B-

La Regla 10.2 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, "establece los fundamentos por los que una parte puede solicitar la desestimación de una demanda presentada en su contra, a saber: falta de jurisdicción sobre la materia o la persona, insuficiencia del emplazamiento o su diligenciamiento, dejar de exponer una reclamación que justifique la concesión de un remedio o dejar de acumular una parte indispensable". Es norma reiterada en nuestra jurisdicción que ante una solicitud de desestimación los tribunales deben de aceptar como ciertas las alegaciones contenidas en la demanda y considerarlas de la manera más favorable a la parte demandante. La demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar. Se debe considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón Muñoz v. Lotería de Puerto Rico*, 167 DPR 624 (2006).

-C-

La doctrina de cosa juzgada persigue poner fin a los litigios luego de haber sido adjudicados de forma definitiva por los tribunales y, de este modo, garantizar la certidumbre y la seguridad de los derechos declarados mediante una resolución judicial para evitar gastos adicionales al Estado y a los litigantes. *Presidential Financial Corp. of Florida v. Transcaribe Freight Corp.*, 186 DPR 263 (2012); S.L.G. *Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133 (2011); *Worldwide Food Dis., Inc. v. Colón et al.*, 133 DPR 827 (1993). Al aplicar la doctrina de cosa juzgada, se busca que se finalicen los pleitos y no someter a los ciudadanos a las molestias de tener que litigar dos veces una misma causa. *Fonseca et al. v. Hosp. HIMA*, 184 DPR 281 (2012); *P.R. Wire Prod. v. C. Crespo & Assoc.*, 175 DPR 139 (2008). No obstante, su aplicación no procede de forma

inflexible y automática si hacerlo derrotara los fines de la justicia o consideraciones de orden público. *Fonseca et al. v. Hosp. HIMA, supra.* Para que se configure la presunción de cosa juzgada, debe concurrir la más perfecta identidad de causas, cosas, partes y la calidad en que lo fueron. *Worldwide Food Dis., Inc. v. Colón et al., supra.*

De otra parte, y para atender controversias en cuanto a asuntos resueltos previamente dentro de un mismo caso se ha desarrollado la llamada doctrina de la ley del caso. Esta establece que los derechos y obligaciones que han sido objeto de adjudicación en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso. *Berkan y otros v. Mead Johnson Nutrition,* 204 DPR 183 (2020); *Mgmt. Adm. Servs. Corp. v. ELA,* 152 DPR 599 (2000). La doctrina de la ley del caso tiene como propósito que los tribunales nos resistamos a reexaminar asuntos ya considerados dentro de un mismo caso para velar por el trámite ordenado y expedito de los litigios, así como promover la estabilidad y certeza del derecho. *Íd.*

-D-

Conforme a la normativa aplicable durante la vigencia del matrimonio entre la peticionaria y el interventor, en nuestra Jurisdicción se presumían gananciales todos los bienes adquiridos por cualquiera de los cónyuges, a título oneroso, por sus esfuerzos o por los frutos que produzcan otros bienes, desde la celebración del matrimonio hasta su disolución. En *Toppel v. Toppel,* 114 DPR 775 (1983), caso cuyo *ratio* fue revocado en *Roselló Puig v. Rodríguez Cruz,* 183 DPR 181 (2011), pero del que ciertas expresiones mantienen plena vigencia en casos como el que nos ocupa, al atenderse una controversia sobre la liquidación de una comunidad post-matrimonial entre un estadounidense y una mujer británica que contrajeron matrimonio en el estado de Nueva York, el Tribunal Supremo adoptó la doctrina del centro de los intereses

matrimoniales y determinó que la división de la masa de bienes de la comunidad se efectuase conforme a la ley de la jurisdicción que fue el centro de intereses de la pareja conyugal durante la vigencia del matrimonio. Para establecer cual fue el centro de intereses del matrimonio, el Tribunal Supremo indicó que se debían considerar, además del domicilio, la localización principal de los intereses financieros (inversiones e ingresos), los lazos afectivos, la duración de la residencia, la nacionalidad de los cónyuges, las necesidades de los sistemas interestatal e internacional, las políticas relevantes de los foros afectados, la protección de expectativas justificadas, la previsibilidad y uniformidad del resultado en situaciones análogas, la protección de la parte más débil, además de la facilidad en la determinación y aplicabilidad de la regla más justa.

-III-

Examinados cuidadosamente y en su totalidad las comparecencias de las partes pasamos a resolver. Sostiene la peticionaria que erró el TPI al denegar su solicitud de desestimación por considerar que el asunto planteado en dicha comparecencia constituía cosa juzgada. Un análisis de los escritos incluidos en las comparecencias como parte del expediente nos lleva a concluir que los asuntos considerados por el foro primario eran disímiles entre sí, pues previamente se litigó el aspecto sobre si en efecto el señor Paredes podía ser considerado como parte indispensable en la controversia, mientras que en la moción de desestimación se invocó la alegada prescripción de la causa de acción de éste al amparo de lo dispuesto en el Art. 815 del Código Civil de la República Dominicana. En vista de lo anterior, no cabe hablar de que aplican en este caso las doctrinas de cosa juzgada ni la conocida como ley del caso.

Sin embargo, lo anterior no dispone de la controversia, pues como correctamente estableciera el TPI, dicho foro no puede tomar

conocimiento judicial de las leyes de un país extranjero, por lo que, una parte, como la aquí peticionaria, que interese que un tribunal puertorriqueño tome conocimiento de una ley foránea deberá presentar prueba sobre la misma conforme a los mecanismos de prueba que entienda necesarios para lograr satisfacer al juzgador. Este aspecto, unido a la normativa aplicable sobre la adjudicación de las mociones de desestimación nos lleva a concluir que no incidió el foro primario al negarse a desestimar la reclamación del interventor. Así las cosas y en atención al principio de que las revisiones judiciales se dan contra el resultado y no contra los fundamentos, no observamos la comisión por parte del TPI de error alguno que amerite nuestra intervención en esta etapa.

Así las cosas, y luego de evaluar la totalidad del expediente del caso junto a la Resolución recurrida, en el ejercicio de nuestra discreción, declinamos la invitación de la peticionaria a intervenir con lo actuado por el TPI.

-IV-

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari* solicitado por la peticionaria.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones